IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                     ORDER

                 Plaintiff,

                                             00-cr-23-bbc

        v.

VICTOR MATIAS, JR.,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Victor Matias, Jr., has filed a Petition for Writ of Error Coram Nobis pursuant to Title 28 U.S.C. § 1651.  Coram nobis petitions are available only to persons who are no longer subject to any form of custody.  United States v. Keane, 852 F.2d 199, 203 (7th Cir. 1988).   Because defendant is still in custody he is ineligible to use this mechanism to challenge his conviction.

Although defendant characterizes his motion as one brought under certain provisions of Title 18, it is actually a motion for modification of his sentence and must be brought pursuant to 28 U.S.C. § 2255 and subject to the rules of the Anti-terrorism and Effective Death Penalty Act. Any motion that is filed in the sentencing court that is substantively within the scope of § 2255 must be filed as a § 2255 motion.  Melton v. United States, 359

F.3d 855, 857 (7th Cir. 2004). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." Id. (citing Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir.1996)).

Section 2255 prohibits a defendant from filing a second or successive motion under § 2255 without certification by the court of appeals that the new motion contains newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." This motion is defendant's second attempt to challenge his sentence (which tends to explain his effort to avoid labeling it as a § 2255 motion). He filed a motion pursuant to § 2255 on February 26, 2003; that motion was denied in its entirety on April 30, 2003. Defendant appealed to the court of appeals unsuccessfully. On December 14, 2009, defendant asked permission from the court of appeals to file a second § 2255 motion. That motion was denied on January 4, 2010. The court of appeals warned defendant that submitting frivolous papers to the court may result in sanctions.

Defendant's present motion to this court is another frivolous attempt to circumvent the rules relating to post conviction motions. As before, this court lacks authority to consider the claims raised in defendant's motion without certification by the court of

appeals.

In light of defendant's persistence in filing legally frivolous documents that impede the court's ability to address filings that deserve its attention, I am imposing a filing restriction on defendant. From this date forward, before the clerk files any document defendant files in this case, he is to forward the document to chambers. If the document is one in which defendant raises non-meritorious issues or seeks frivolous forms of relief or is otherwise not a document permitted to be filed under the Federal Rules of Civil or Appellate Procedure at this stage of defendant's case, the document will be placed in the file and no response will be made to it.


ORDER

IT IS ORDERED that defendant Victor Matias, Jr.'s, petition for a writ of error coram nobis is re-characterized as a motion brought pursuant to 28 U.S.C. § 2255 and dismissed because it is a successive collateral attack under that statute and this court lacks authority to entertain it.

Further, IT IS ORDERED that the clerk is to forward to chambers before filing any future document defendant files in this case. If the document raises non-meritorious issues or seeks frivolous forms of relief or is otherwise not a document permitted to be filed under the Federal Rules of Civil or Appellate Procedure at this stage of defendant's case, the

document will be placed in the file and no response will be made to it.

Entered this 30th day of March, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge