IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

           Plaintiff,

    v.

VICTOR MATIAS, JR.,

           Defendant.

ORDER

00-cr-23-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Defendant Victor Matias, Jr. has filed a notice of appeal from the court's March 25, 2010 order denying him a copy of the grand jury transcripts and the March 30, 2010 order denying his petition for a writ of error coram nobis. First, defendant has not paid the $455 filing fee, which makes it necessary to decide whether he is entitled to proceed on appeal in forma pauperis. Second, defendant's notice of appeal does not include a request for a certificate of appealability. Therefore, it is necessary to decide whether a certificate of appealability should issue and whether defendant is entitled to proceed in forma pauperis. I conclude that the answer is no to both questions.

    According to 28 U.S.C. § 1915(a), a defendant who is found eligible for court-

1

Copy of this document has been provided to: Defendant
this 19 day of Apr, 20 10
by S. Vogel, Secretary to Judge Barbara B. Crabb

appointed counsel in the district court proceedings may proceed on appeal in forma pauperis without further authorization "unless the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed." I do not need to decide whether defendant is indigent because I am certifying that the appeal is not taken in good faith. In this case a reasonable person could not suppose that the appeal has some merit, as is required in order for the appeal to be taken in good faith. As I noted in each of the orders, defendant has no good reason for obtaining the grand jury transcripts or for filing a petition for writ of error coram nobis. Therefore, I will deny defendant's request to proceed in forma pauperis on appeal.

As to the certificate of appealability, a certificate shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Before issuing a certificate of appealability, a district court must find that the issues the applicant wishes to raise are ones that "are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Barefoot v. Estelle, 463 U.S 880, 893 n.4 (1983). "[T]he standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding." Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000).

Defendant's challenge to his sentence does not meet the demanding standard for a

2

certificate of appealability. There is no support anywhere in the law for defendant's arguments. Because reasonable jurists would not disagree about this conclusion, I must deny defendant's request for a certificate of appealability.

ORDER

IT IS ORDERED that defendant Victor Matias, Jr.'s request for leave to proceed in forma pauperis on appeal and his request for a certificate of appealability are DENIED.

Entered this  19th  day of April, 2010.

BY THE COURT:

*Barbara B. Crabb*
BARBARA B. CRABB
District Judge

3